IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRODERICK WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:23-CV-00151 |
| | § | |
| BNSF RAILWAY COMPANY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT BNSF RAILWAY COMPANY'S
MOTION FOR SUMMARY JUDGMENT ON
LIMITATIONS GROUNDS AND MEMORANDUM IN SUPPORT**

Defendant BNSF Railway Company ("BNSF") moves for summary judgment on all claims of Plaintiff Broderick Williams ("Plaintiff" or "Williams") on the basis that Plaintiff's claims are time-barred.

## I.    INTRODUCTION[1]

BNSF terminated Plaintiff's employment on July 15, 2020, due to multiple violations of BNSF's rules in connection with his operation of a locomotive powering a moving train that collided with a pedestrian vehicle. The termination prompted Plaintiff to follow an available grievance process under his labor agreement, leading to a final arbitration decision by a Public Law Board, which upheld Plaintiff's dismissal. Williams then filed an EEOC Charge but did so far outside of the applicable 300-day limitations

---

[1] This motion is supported by Plaintiff's EEOC Charge of Discrimination ("EEOC Charge") (Exhibit A) as well as Plaintiff's Complaint (ECF 1) ("Compl.").

period for doing so.  As a result, his discrimination claim in this lawsuit is time-barred, and the Court should therefore grant summary judgment to BNSF.[2]

## II.   <u>UNDISPUTED FACTS FOR SUMMARY JUDGMENT PURPOSES</u>

BNSF hired Williams on April 5, 2006 as a conductor trainee in Galveston, Texas. Compl. ¶ 7. He later began working as a locomotive engineer. *Id*. On June 2, 2020, Williams was operating a locomotive powering a train that was involved in a collision with a vehicle. *Id*. ¶ 9. "In reviewing footage from the locomotive cab's inward facing camera, Defendant noticed that Mr. Williams was holding his cell phone in his hand at the time of the incident, in contravention of operating rules." *Id*. ¶ 13. After investigating further, BNSF terminated Plaintiff's employment on July 15, 2020. *Id*. ¶¶ 9-17.

Plaintiff's labor agreement provides a prescribed grievance process for Plaintiff, or his union on his behalf, to contest his dismissal and eventually present the claim in arbitration before a Public Law Board ("PLB").[3] *See id*. ¶¶ 18-19. "After exhausting all available appeals through Defendant's internal processes, Mr. Williams submitted his case to a [PLB] for arbitration." *Id*. ¶ 18. "On April 19, 2022, Public Law Board 7940 issued an award denying Mr. Williams's claim and upholding Defendant's decision to terminate his employment." *Id*. ¶ 19.

Then, nearly two years after his July 15, 2020, dismissal, Williams filed a Charge of Discrimination with the Equal Employment Opportunity Commission asserting that his

---

[2] BNSF also contends that Plaintiff's claims fail on the merits and reserves the right to later seek summary judgment or dismissal at trial on that basis.
[3] A PLB is a grievance arbitration tribunal formed by the National Mediation Board (NMB) to resolve disputes between a railroad and union pursuant to the Railway Labor Act.

discharge was the result of race discrimination in violation of Title VII of the Civil Rights Act and chapter 21 of the Texas Labor Code. *See* Ex. A, EEOC Charge. Williams later filed this lawsuit alleging that his discharge constituted race discrimination in violation of Title VII. *See* ECF 1.

### III.   LEGAL STANDARD

Summary judgment is a vital tool for eliminating groundless causes of action where there exist no genuine issues of material fact regarding one or more elements of a party's cause of action. *See* Fed. R. Civ. P. 56(c) (West 1992); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Summary judgment is proper if the evidence shows there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson*, 477 U.S. at 247-48. Once the moving party has identified those portions of the record that establish its case as a matter of law, the burden shifts to the non-moving party to come forward with specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Summary judgment is the proper remedy when a claim is barred by the statute of limitations. *See Ellert v. Univ. of Texas*, 52 F.3d 543 (5th Cir. 1995).

### IV.   ARGUMENT AND AUTHORITIES

**A. Plaintiff's Claim Is Barred by the Statute of Limitations.**

Before bringing a Title VII action, a plaintiff must file a charge of discrimination with the EEOC within 300 days following the event giving rise to the cause of action. 42 U.S.C. § 2000e-5(e). Discrete actions such as termination of employment occurring more

than 300 days before the date of filing cannot be grounds for a Title VII suit. *National R.R.*

*Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

BNSF discharged Williams on July 15, 2020. Compl. ¶ 17. He filed his EEOC

Charge on July 1, 2022—716 days after his discharge. *See* Ex. A, EEOC Charge.

Accordingly, Williams's claim in this lawsuit is untimely and should be dismissed with

prejudice as a matter of law. *See, e.g., Morgan,* 536 U.S. at 114-15 (concluding that all

allegedly discriminatory acts that occurred more than 300 days before Morgan filed his

charge of discrimination were "untimely filed and no longer actionable"); *Grice v. FMC*

*Tech., Inc.,* No. 06-20509, 2007 WL 329265, at *4 (5th Cir. 2007) (affirming summary

judgment on Grice's race discrimination claim because Grice did not file his claim within

300 days of the alleged discriminatory failure to promote as statutorily required) (citing

*Morgan,* 536 U.S. at 113-14); *Makey v. Children's Med. Ctr. of Dallas,* No. 3:05-CV-043-

L, 2006 WL 2713788, at *9 (N.D. Tex. 2006) (agreeing with the defendant that "any

complaints based on conduct occurring more than 300 days before Plaintiff filed her initial

EEOC charge are time-barred" and declining to consider any such untimely alleged

wrongs).

Moreover, it is the *adverse action* of which the plaintiff complains—not a plaintiff's

claimed knowledge that the action was taken for discrimination reasons—that triggers the

limitations period. Put differently, so long as the plaintiff has notice of the allegedly

discriminatory event, limitations is not tolled on the basis that the plaintiff was unaware of

a claimed discriminatory motive or some evidence of discrimination. *See, e.g.*, *Pacheco v.*

*Rice,* 966 F.2d 904, 906 (5th Cir. 1992) (holding that plaintiff who alleged he was fired

because of his race was not entitled to tolling of statute of limitations despite learning after deadline that allegedly similarly situated Anglo employee had received different treatment because relevant "discriminatory event" was his firing, a decision of which he was given notice at time it was made); *Merrill v. Southern Methodist University,* 806 F.2d 600, 605 (5th Cir. 1986) (limitations period begins to run when a plaintiff knows or reasonably should know that the discriminatory act has occurred, not when he or she first perceives that a discriminatory motive caused the act); *Chapman v. Homco,* 886 F.2d 756, 758 (5th Cir. 1989) (two year limitations period of 29 U.S.C. § 626(e)(1) begins to run when plaintiff is notified that his employment is terminated, not when he learns that the termination was based on discriminatory factors).

Accordingly, Plaintiff's claim, filed far after the limitations period, is time-barred.

**B. The Grievance Process Did Not Toll the Statute of Limitations.**

It appears from language in the EEOC Charge and the complaint that Williams may intend to rely on the pendency of his grievance that resulted in a PLB decision as a basis to contend that the limitations period did not run until that decision. He is incorrect. It is well-settled that the existence and utilization of grievance procedures do not toll the running of the limitations period that would otherwise begin on the date of discharge. *See, e.g.*, *Buchanan v. CCA/Tallahatchie Cnty. Corr. Facility*, 704 F. App'x 307, 308 (5th Cir. 2017) ("mere pendency of [plaintiff's] grievance, however, is an insufficient basis to find the district court abused its discretion in declining to apply equitable tolling"); *Allen v. Cnty. of Galveston, Texas*, 352 F. App'x 937, 939 (5th Cir. 2009) ("limitation period is not tolled by the pendency of a grievance or other review process that may take place after the

employee is informed of the adverse employment decision"); *Bulls v. Chevron Corp.*, No. CV H-06-3810, 2007 WL 9754464, at *7 (S.D. Tex. May 9, 2007) ("a pending grievance or arbitration procedure does not toll the running of the limitations period because employees may seek both forms of relief; that is, employees may invoke an employer's internal grievance procedure and their statutory rights."); *Dade v. Sw. Bell Tel. Co.*, 942 F. Supp. 312, 318 (S.D. Tex. May 30, 1996) ("the running of the period for filing a discrimination claim is not tolled while the claimant participates in arbitration procedures under a collective bargaining process."); *McNeill v. Atchison, Topeka & Santa Fe Ry. Co.*, 878 F. Supp. 986, 989–90 (S.D. Tex. March 8, 1995) ("Although [p]laintiff filed a complaint with the Public Law Board, the 300-day statute of limitations period was not tolled.").

Accordingly, the pendency of the grievance proceedings do not provide a basis to extend the 300-day limitations period.

## <u>CONCLUSION</u>

Williams's claim in this lawsuit is time-barred. BNSF therefore respectfully requests that the Court grant summary judgment to BNSF, enter a judgment of dismissal with prejudice, and award BNSF its costs of court.

Dated: November 16, 2023

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/Bryan P. Neal
Bryan P. Neal, attorney-in-charge
State Bar No. 00788106
Southern District No. 19107
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751
bryan.neal@hklaw.com

OF COUNSEL:

Andrea James
State Bar No. 24092571
Southern District No. 3124869
Holland & Knight LLP
811 Main Street, Suite 2500
Houston, Texas 77002
Telephone: (713) 821-7000
Facsimile: (713) 821-7001
andrea.james@hklaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on November 16, 2023, a true and correct copy of the foregoing was served via ECF on all counsel of record.

/s/ Bryan P. Neal
Bryan P. Neal