IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRODERICK WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO.  4:23-cv-00151 |
| | § | |
| BNSF RAILWAY COMPANY, | § | |
| | § | |
| Defendant. | § | |

**<u>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON LIMITATIONS GROUNDS</u>**

Respectfully submitted,

/s/ Ahad Khan
Ahad Khan
Texas Bar No. 24092624
S.D. Texas ID No. 2981398
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3558 – Telephone
ak@ahadkhanlaw.com – Email

ATTORNEY FOR PLAINTIFF
BRODERICK WILLIAMS

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon counsel of record listed below by the Southern District of Texas ECF system on the 7th day of December 2023.

Bryan P. Neal
Holland and Knight LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
bryan.neal@hklaw.com

Andrea James
Holland and Knight LLP
811 Main Street, Suite 2500
Houston, Texas 77002
andrea.james@hklaw.com

/s/ Ahad Khan
Ahad Khan

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Broderick Williams ("Williams") files this Response to BNSF Railway Company's ("BNSF") Motion for Summary Judgment ("Motion").

### I. PROCEDURAL BACKGROUND AND ISSUES TO BE RULED UPON

Williams brought a discrimination case against his former employer pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et. seq.* ("Title VII"). After exhausting his administrative remedies, Williams filed the present civil action on January 16, 2023. Discovery is complete. BNSF filed its Motion for Summary Judgment ("Motion") on November 16, 2023. Williams now submits this Response.

In its Motion, BNSF asks this court to grant summary judgment in its favor because Williams's claim is time-barred. The sole issue before this court is whether Williams's claim is time-barred.

### II. FACTS

Williams worked for BNSF from 2006 until 2022, when a Public Law Board ("Board") denied his claim in a final decision. Exhibit 1, EEOC Charge; Exhibit 2, Board Decision. Over the course of his career, Williams provided safe and reliable locomotive service as an engineer. *Id.* Williams was terminated for alleged operation of his cell phone while his train was in service, despite the fact that numerous employees who committed comparable violations were ultimately reinstated after review. *Id.*; Plaintiff's Original Complaint [Doc. 1] at ¶¶ 29-30. Thus, Williams brought a disparate discipline employment discrimination case under Title VII. Plaintiff's Original Complaint [Doc. 1] at ¶¶ 29-31.

Williams filed his EEOC Charge well within 300 days (70 days to be exact) after receiving the Board's decision. Exhibit 1. Prior to filing its Motion, BNSF did not contest Williams's claim on limitations grounds. *See infra* at § V.(B).

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### IV. SUMMARY OF ARGUMENT

Williams contends that the doctrines of waiver and estoppel apply to the issue of whether his claim is time-barred, and these considerations weigh in his favor such that the claim should be allowed to proceed and be decided on its merits.

### V. ARGUMENT AND AUTHORITIES

#### A. Title VII

Title VII of the Civil Rights Act of 1964 prohibits discrimination with respect to the terms, conditions, or privileges of employment. 42 U.S.C. § 2000e-2(a).

Because discriminatory intent is rarely overt, a plaintiff may present a case based on circumstantial evidence under the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). Under this framework, the plaintiff may make a prima facie case of discrimination by showing that he: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly

situated employees outside the protected group." *Morris v. Town of Independence*, 827 F.3d 396, 400 (5th Cir. 2016) (*quoting Willis v. Cleco Corp.*, 749 F.3d 314, 319-20 (5th Cir. 2014)).

After the plaintiff establishes a prima facie case, "the burden then shifts to the employer to provide a legitimate, nondiscriminatory or nonretaliatory reason for its employment action." *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007).

After the employer does so, the burden then shifts back to the plaintiff to show either: "(1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive[s] alternative)." *Black v. Pan Am. Labs., LLC*, 646 F.3d 254, 259 (5th Cir. 2011) (*quoting Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)) (alteration in original).

### B. Equitable Tolling

"Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. TWA, Inc.*, 455 U.S. 385, 386 (1982).  The EEOC filing requirement is "a pre-condition to filing suit in district court, but is not related to the subject matter jurisdiction of the court." *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 595 (5th Cir. 1981) (en banc); *Zipes* at 398.

"While filing a complaint with the EEOC is a precondition to maintaining an action under Title VII or the ADEA, it is not a jurisdictional requirement, and the time period for

filing may be equitably tolled or otherwise modified." *Henderson v. AT&T Corp.*, 933 F. Supp. 1326, 1332 (S.D. Tex. 1996) (Kent, J.) *citing Zipes* at 393. "[I]f, at the time of an adverse employment action, the employee did not have enough information to support filing a discrimination claim, the 300 day limitations period may be equitably tolled until the time the facts supporting a cause of action are or should be apparent to the employee." *Id.* at 1333.

"The limitations period begins to run from the time that the complainant knows or reasonably should know that the challenged act has occurred, … [i.e., when] he was aware of all the facts necessary to claim a Title VII violation." *Yates v. Mobile Cty. Personnel Bd.*, 658 F.2d 298, 299 (5th Cir. 1981). The mere fact that an employee "may have been aware of [his] rights in general does not mean that [the employee] was aware of the facts necessary to support a discrimination claim." *Henderson* at 1333. Courts have treated the applicability of equitable tolling to EEOC filings as a question of fact. *See Coke*, 640 F.2d at 595-96; *Henderson* at 1336-37 (denying summary judgment and holding that "there is a genuine issue of fact as to whether [the employee's] EEOC filing was timely.").

Public Law Boards were created by Congress, pursuant to 45 U.S.C. § 153, "to assume exclusive jurisdiction over disputes arising from the employment relationship." *McNeill v. Atchison, Topeka & Santa Fe Ry. Co.*, 878 F. Supp. 986, 988 (S.D. Tex. 1995). A Board has the right to reverse employment terminations. Williams produced evidence of a comparable case where an employee was reinstated and sought such reinstatement for himself. Exhibit 1.

Courts have previously equitably modified the limitations period for employees who brought actions before a Public Law Board. *See Brown v. National R.R. Passenger Corp.*, No. 86 C 10284, 1998 WL 76935 at *16 (N.D. Ill. July 15, 1998) ("Based on the facts properly before the court at this time and not in dispute, it appears at least possible that Brown could prevail on one or more grounds for equitable modification of the limitations period. Therefore, we deny Amtrak's motion for summary judgment on the limitations issue."). Notably, "Brown filed his…EEOC charge three years after Amtrak committed the act of which he complains." *Id.* at *14.

Equitable tolling should be applied here because Williams both diligently and reasonably challenged his termination throughout the period that tolling would apply. *See* Plaintiff's Original Complaint [Doc. 1] at ¶¶ 14-19. Williams filed his EEOC Charge well within 300 days (70 days to be exact) after receiving the Board's decision. Exhibit 1. Furthermore, BNSF is not prejudiced by delay in that they are actively involved with the case before the Board during the time for potential tolling and have not lost records or witnesses during an unexplained delay. Exhibit 2.

There are also public policy considerations for tolling in this instance because (1) it discourages frivolous and preemptive filings before a plaintiff has evidence supporting a claim for disparate treatment; (2) it promotes judicial and administrative economy because the EEOC and courts do not have to deal with claims that may be rendered moot by a Board decision; (3) it does not place employees in the tenuous position of challenging their termination before the Board while simultaneously bringing an EEOC challenge that may

lead the company to retaliate or to more aggressively fight their reinstatement as compared to if the employee had not brought an EEOC challenge.

### C. Waiver and Estoppel

The EEOC filing jurisdictional requirement can also be waived and a reasonable factfinder could find that BNSF has done so. *See Zipes* at 386. BNSF had three prior opportunities to raise this issue and did not do so: (1) in its EEOC Position Statement, (2) in its answer, and (3) in its discovery responses. The EEOC Position Statement makes no mention of this defense. Exhibit 3, BNSF's EEOC Position Statement. The answer only states a generic defense that the claims "are barred in whole or in part to the extent the claims are not based on a timely and proper charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") or exceed the scope of any such charge." Exhibit 4, BNSF's Answer. When asked about this specific defense in discovery, BNSF answered: "BNSF asserted the referenced defense in a conditional manner to address any effort that may occur during the lawsuit where Plaintiff may go beyond the allegations stated in the charge and preserve BNSF's ability to hold Plaintiff to only the timely stated claims presented in the EEOC Charge." Exhibit 5, BNSF's Answer to Interrogatory No. 24. The limitations issue was first raised on summary judgment and thus there is at least a fact issue that it was waived or that BNSF should be estopped from raising it now.

### VI. CONCLUSION AND PRAYER

For the reasons articulated above, Williams respectfully submits that Defendant's Motion for Summary Judgment should be denied.