IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRODERICK WILLIAMS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 4:23-CV-00151 |
| § | |
| BNSF RAILWAY COMPANY, § | |
| § | |
| Defendant. § | |

**DEFENDANT BNSF RAILWAY COMPANY'S
REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT ON LIMITATIONS GROUNDS**

Defendant BNSF Railway Company ("BNSF") submits this reply in support of its motion for summary judgment on all claims of Plaintiff Broderick Williams ("Plaintiff" or "Williams") on the basis that Plaintiff's claims are time-barred.

**REPLY ARGUMENT AND AUTHORITIES**

Williams presents two basic arguments opposing BNSF's motion for summary judgment, neither of which are supported by any new evidence. They include arguments that the Supreme Court and the Fifth Circuit have rejected as well as arguments that are mistaken and unsupported, both legally and factually. Summary judgment is appropriate.

**A. Williams Filed His EEOC Charge Far Outside of the 300-day Filing Period, and Equitable Tolling Does Not Apply.**

Williams does not dispute that Title VII requires a charge to be filed within 300 days following the event giving rise to the cause of action. *See* Williams Resp. at 4; BNSF Mot. at 3. He instead asks the Court to count the 300 days as running only from the time

1

after an arbitration panel denied his grievance. That argument is incorrect.

At the outset, Williams states in his response that he worked for BNSF "until 2022 when a Public Law Board…denied his claim in a final decision." *See* Williams Resp. at 1. The Court should reject that attempted sleight of hand. Williams pleaded that "[o]n July 15, 2020, Defendant severed Mr. Williams's employment with the company after its investigation concluded that he had broken three of the operating rules." Complaint ¶ 17. He goes on to explain that the PLB process was an arbitral challenge to that decision. *Id.* ¶¶ 17-19. His complaint thus confirms the facts as BNSF stated them: BNSF terminated his employment effective July 15, 2020, and Williams then challenged that decision through the PLB arbitration process. *See* BNSF Mot. at 2.

Williams next focuses on the doctrine of equitable tolling, emphasizing that failure to comply with the 300-day filing requirement is not jurisdictional, suggesting that the period should be tolled either because he was unaware of the alleged discrimination or because there are policy reasons supporting tolling. BNSF agrees that the period is not jurisdictional, but Williams is off-base in arguing for equitable tolling for multiple reasons.

First, Williams cites a decision, *Henderson v. AT&T*, 933 F. Supp. 1326, 1332 (S.D. Tex. 1996) (Kent, J.), purporting to hold that tolling applies if the employee does not have sufficient information to file a charge until the facts become known. Williams Resp. at 4. That is not the law. *See, e.g.*, *Merrill v. Southern Methodist University,* 806 F.2d 600, 605 & n.5 (5th Cir. 1986) (rejecting tolling when plaintiff was aware of the adverse action); *see also Chapman v. Homco, Inc.*, 886 F.2d 756, 758 (5th Cir. 1989) ("Chapman asserts that, though he knew he was discharged on January 11, he did not understand that his discharge

had been discriminatory until sometime after that date. He argues that the statute of limitations period must be tolled until the date of discovery….This Court's opinion in *Merrill*…supports the conclusion that tolling is inapplicable under the facts of this case."); *accord Pacheco v. Rice,* 966 F.2d 904, 906 (5th Cir. 1992). To the extent *Henderson* holds otherwise, it is incorrect. The court there appears to have relied on Fifth Circuit cases discussing the "possibility" of tolling in that circumstance while overlooking the cases just cited (and others) actually holding that tolling was *not* appropriate in those circumstances. Accepting the far-reaching and open-ended view of tolling that Williams proposes would be contrary to the Supreme Court's directive that tolling doctrines "are to be applied sparingly." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

    Second and in any event, Williams has not offered any *evidence* that he was unaware of the information necessary to file an EEOC charge until after the PLB issued its decision. In fact, in his deposition, taken the same day BNSF filed its motion, Williams testified that he first believed the decision was discriminatory "a couple of months" after his discharge, and thus still far outside of the 300-day limitations period. *See* Ex. A (Williams Deposition excerpts) at 99:20-21. Thus, even though his legal theory is incorrect, the evidence does not support the theory anyway.

    Third, as to Williams's argument that the filing period should be tolled while his grievance before the PLB was pending, BNSF has already cited numerous cases rejecting that argument. *See* BNSF Mot. at 5-6. Those decisions arise from the Supreme Court's rejection of the argument, including rejection of policy arguments similar to those offered by Williams. *See Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 238-39

3

(1976); *accord Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) ("the pendency of a grievance does not suspend the 180–day limitation for filing a charge"). Williams's request for tolling pending the decision of the PLB is contrary to law.

**B. Williams's Waiver and Estoppel Arguments Are Incorrect.**

Williams next argues that BNSF either waived or should be estopped from asserting the limitations period. Williams Resp. at 6. His argument again is mistaken on multiple levels.

Williams first complains that BNSF did not assert the defense before the EEOC in response to Williams's EEOC charge. There is no legal support for the contention that an employer must assert limitations during the EEOC process. The cases that have considered the argument have rejected it soundly. *See Stewart v. Knox Cnty., Tennessee*, No. 3:18-CV-381, 2020 WL 13698869, at *1 (E.D. Tenn. Dec. 21, 2020) (citing other cases). The court there explained that the rules of procedure require only that a defense be raised in the answer, not in a prior proceeding, especially a non-adversarial proceeding such as those before the EEOC. *Id.* The court rejected the argument, concluding, "Plaintiffs do not cite, and the Court cannot identify, any authority for the proposition that failure to raise a timely exhaustion defense before the EEOC amounts to waiver where the defense is properly raised in federal court." *Id.* at *2; *accord Weaver v. City of Tampa, Fla.*, No. 8:19-CV-49-TPB-JSS, 2021 WL 2401936, at *2 (M.D. Fla. June 11, 2021) ("Defendant also was not required to assert these defenses in the administrative proceedings."). This Court should likewise reject the argument.

4

Williams next takes issue with BNSF's assertion of limitations in its answer. He refers to the statement of BNSF's second stated defense as "generic," overlooking Rule 8, which requires that a defendant "state in short and plain terms its defenses to each claim." Fed. R. Civ. P. 8(b)(1)(A). BNSF plainly asserted that any claim not based on a timely charge was barred. *See* Answer (ECF 7) at 1 (Defense 2). That is all that is required.

Williams relatedly points to BNSF's interrogatory answer about that defense, claiming that it did not adequately describe the defense. Williams cites no authority for the proposition that a purportedly inadequate interrogatory answer can somehow waive the defense asked about in the interrogatory. On the substance of the answer Williams cites, he misses that the specific defense he inquired about raised multiple issues, including not only timeliness but also the requirement that a plaintiff's claim be one previously raised before the EEOC and thus BNSF's interrogatory answer was addressing both such issues. Regardless, BNSF's interrogatory answer in the language quoted by Williams plainly stated that defense was intended to limit the plaintiff to only timely claims. *See* Williams Resp. at 6 & Ex. 5.

Finally, Williams's argument about both BNSF's pleading and its interrogatory answer further misses the mark because, separate from the defense he discusses, BNSF *also* raised the limitations issue by way of its fourth stated defense: "The claims under Title VII are barred in whole or in part *to the extent that Williams did not timely*, properly, and fully *exhaust his administrative remedies or satisfy the administrative prerequisites to bringing suit under the statute*." *See* Answer at 5 (emphasis added). Nothing is "generic"

about that defense, and Williams did not pose an interrogatory about it. Thus, again, even if Williams's theory were correct, it still fails on the merits.[1]

## CONCLUSION

Williams's claim in this lawsuit is time-barred, and neither tolling nor waiver apply. BNSF therefore respectfully requests that the Court grant summary judgment to BNSF, enter a judgment of dismissal with prejudice, and award BNSF its costs of court.

---

[1] Because BNSF pleaded the limitations issue in *two* defenses, Williams's assertion that BNSF is raising the defense for the first time on summary judgment is indisputably wrong. BNSF notes, however, that the Fifth Circuit has long allowed defendants to raise defenses such as this one that are straightforward for the first time on summary judgment, in a pretrial order, or even at trial. *See, e.g.*, *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 611 (5th Cir. 2007) (joint pretrial order); *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 562 (5th Cir. 1998) (summary judgment); *Lucas v. United States*, 807 F.2d 414, 418 (5th Cir. 1986) (trial).

Dated: December 14, 2023

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/Bryan P. Neal
Bryan P. Neal, attorney-in-charge
State Bar No. 00788106
Southern District No. 19107
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751
bryan.neal@hklaw.com

OF COUNSEL:

Andrea James
State Bar No. 24092571
Southern District No. 3124869
Holland & Knight LLP
811 Main Street, Suite 2500
Houston, Texas 77002
Telephone: (713) 821-7000
Facsimile: (713) 821-7001
andrea.james@hklaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on December 14, 2023, a true and correct copy of the foregoing was served via ECF on all counsel of record.

/s/ Bryan P. Neal
Bryan P. Neal