Case 4:23-cv-00151   Document 25   Filed on 01/31/24 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
January 31, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRODERICK WILLIAMS, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 4:23-cv-00151 |
| BNSF RAILWAY COMPANY, | § § § | |
| *Defendant*. | § § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant BNSF Railway Company's motion for summary judgment. ECF No. 20.[1] This case is an employment dispute involving allegations of racial discrimination. Plaintiff Broderick Williams alleges that he was terminated due to a minor violation for which non-minority employees have not faced termination. Pl.'s Compl., ECF No. 1. The only issue before the Court at this juncture is whether Plaintiff's claims are barred by the statute of limitations. Based on a careful review of the briefing,[2] the evidence, and the applicable law, the Court concludes that Defendant's motion for summary judgment, ECF No. 20, should be granted.

---

[1] Based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Order, ECF No. 10.

[2] Plaintiff filed a response, ECF No. 21, and Defendant filed a reply, ECF No. 22.

1

I. **BACKGROUND**

BSNF hired Williams as a conductor trainee. ECF No. 1 ¶ 7. He later worked as a locomotive engineer. *Id.* On June 2, 2020, Plaintiff was operating a freight train when a vehicle failed to stop at a no-whistle crossing, resulting in a collision. *Id.* ¶ 9. Defendant then suspended Plaintiff from work pending an investigation into the incident. *Id.* ¶ 11. On June 18, 2020, Defendant held an investigative hearing to address allegations that Plaintiff had violated several operating rules, including that he was holding his cell phone at the time of the incident. *Id.* ¶¶ 12-16. On July 15, 2020, Defendant terminated Plaintiff's employment, concluding that he had violated three operating rules. *Id.* ¶ 17. Plaintiff pursued all available appeals through Defendant's internal grievance process, and then submitted his case for arbitration before a Public Law Board.[3] *Id.* ¶ 18. On April 19, 2022, the Public Law Board denied Plaintiff's claim. *Id.* ¶ 19; ECF No. 21-4.

On July 1, 2022, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). ECF No. 20-1. Plaintiff stated that, during the internal grievance process and arbitration, he "produced numerous cases in which comparable violations of the Electronic Devices rule resulted in proportionate discipline short of dismissal." *Id.* Plaintiff thus asserted a belief that his "termination

---

[3] A Public Law Board is an arbitration tribunal created pursuant to the Railway Labor Act to resolve disputes between railroads and unions. ECF No. 20 at 2 n.3; ECF No. 21 at 4.

was discriminatory on the basis of [his] race (Black)." *Id.* Plaintiff then filed this lawsuit, alleging race discrimination in violation of Title VII of the Civil Rights Act. ECF No. 1 ¶¶ 1-2. Plaintiff only challenges his termination. *Id.* ¶ 31.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying "the basis for its motion" and any portions of the record that "demonstrate the absence of a genuine issue of material fact." *Davis v. Fort Bend Cnty.*, 765 F.3d 480, 484 (5th Cir. 2014) (quotations omitted). Where the moving party "bears the burden of proof on an issue," such as a defendant asserting an affirmative defense, then it "must establish beyond peradventure *all* of the essential elements" for that affirmative defense to be entitled to summary judgment. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The burden then shifts to the non-moving party, who must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Davis*, 765 F.3d at 484 (quotations omitted). Summary judgment evidence "must be viewed in the light most favorable to the non-moving party, and reasonable inferences must be drawn in that party's favor." *Warren v. Fed. Nat'l Mortgage Ass'n*, 932 F.3d 378, 383 (5th Cir. 2019).

### III. ANALYSIS

The sole question before the Court is whether Plaintiff timely filed his EEOC charge. Defendant observes that Plaintiff was terminated on July 15, 2020, and he did not file his EEOC charge until July 1, 2022, amounting to a delay of 716 days. ECF No. 20 at 4. Thus, even assuming the longest limitations period available under Title VII, Plaintiff's claim is time-barred. *Id.* at 3-4. Defendant also asserts that internal grievance processes do not toll the statute of limitations. *Id.* at 5-6. In response, Plaintiff argues that because he diligently pursued the internal grievance process and arbitration, his claim should be equitably tolled. ECF No. 21 at 5-6. Plaintiff also argues waiver and estoppel. *Id.* at 6.

#### A. Plaintiff's Title VII Discrimination Claim Is Barred by the 300-Day Statute of Limitations.

At the very latest, Title VII requires a charge be filed with the EEOC "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). A discrete, discriminatory act is deemed to have "'occurred' on the day that it 'happened.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). "For Title VII claims based on an employee's termination, the 300-day statute of limitations period for filing a discrimination charge with the EEOC begins to run at the time of termination, which is viewed as a discrete act of discrimination." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000); *cf. Merrill v. S. Methodist Univ.*, 806 F.2d 600, 605 (5th Cir. 1986) (rejecting

4

interpretation that claim accrues upon discovering discriminatory motive). Events that occurred more than 300 days before the EEOC charge's filing date are thus generally not actionable. *Morgan*, 536 U.S. at 114. Nonetheless, the timely filing requirement "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

Defendant calculates that Plaintiff's EEOC charge was not filed until 716 days after his termination. ECF No. 20 at 4. The relevant dates are undisputed. *See* ECF No. 1 ¶ 17 (alleging Defendant severed Plaintiff's employment on July 15, 2020); ECF No. 20-1 (EEOC charge dated July 1, 2022). Yet, Plaintiff insists that he "worked for BNSF from 2006 until 2022," when the Public Law Board "denied his claim in a final decision." ECF No. 21 at 1; *see also* ECF No. 20-1 ("I worked for BNSF Railway Company beginning around 2006 until April 22, 2022, when the National Railway Adjustment Board denied my claim."). Plaintiff cites no authority indicating that the date when a plaintiff's grievance is denied is a discrete act somehow relevant to Title VII. Instead, as Defendant points out, such arguments go to equitable tolling, not accrual. ECF No. 22 at 1-3.

The record is largely undisputed and Plaintiff's position that he was employed until the arbitration ended is untenable given his judicial admission. It is well-settled law that "factual assertions in pleadings" are deemed "judicial admissions

5

conclusively binding on the party who made them." *See Berry v. Tex. Woman's Univ.*, 528 F. Supp. 3d 579, 597 (E.D. Tex. 2021) (quoting *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983)). Plaintiff judicially admitted the date of his termination, alleging in his complaint that his employment was severed on July 15, 2020. ECF No. 1 ¶ 17. Plaintiff even attaches Defendant's EEOC brief to his response, which references a dismissal letter dated July 15, 2020. ECF No. 21-1 at 7 n.10. There is no genuine dispute of material facts here.

Plaintiff's Title VII claim accrued on July 15, 2020, when he was terminated. *See Byers*, 209 F.3d at 424. Plaintiff cannot argue that he was unaware of all the facts necessary to state a discrimination claim at the time of his termination. *See Merrill*, 806 F.2d at 605. Accordingly, Plaintiff's deadline to file his charge with the EEOC was at the very latest 300 days post-termination, or May 11, 2021. Yet, Plaintiff did not file his EEOC charge until more than a year later, on July 1, 2022. ECF No. 20-1. Therefore, Defendant has established that it is entitled to summary judgment on limitations, barring some basis for equitable tolling, waiver, or estoppel. *See Zipes*, 455 U.S. at 393.

**B.    No Basis Exists for Equitable Tolling.**

Although the 300-day statute of limitations for Title VII claims is subject to equitable tolling, such relief should only be used "sparingly." *Morgan*, 536 U.S. at 113. "The plaintiff has the burden to provide justification for equitable tolling."

*Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). The Fifth Circuit has recognized at least three possible bases for equitable tolling, although others may exist: (1) "the pendency of a suit between the same parties in the wrong forum"; (2) a plaintiff's unawareness of facts due to a defendant's "intentional concealment"; and (3) the EEOC misleading a plaintiff about their rights. *Id.* (quotation omitted). Courts will also consider whether a plaintiff "exercised due diligence" and "took some step recognized as important by the statute before the end of the limitations period." *Id.* (quotation omitted).

Plaintiff does not argue this case falls under any of the established scenarios for equitable tolling.[4] Plaintiff nonetheless contends that equitable tolling should be applied because he "diligently and reasonably challenged his termination throughout the period that tolling would apply." ECF No. 21 at 5. Plaintiff asserts that various "public policy considerations" support extending equitable tolling to this situation. *Id.* Without any further legal analysis connecting his situation to controlling or persuasive precedent, the Court is not convinced that Plaintiff has met his burden.

Indeed, the handful of district court cases Plaintiff relies on are inapposite. Plaintiff quotes *Henderson v. AT&T Corp.* for the proposition that mere awareness

---

[4] Plaintiff fails to cite *Granger* or any other Fifth Circuit precedent directly relevant to equitable tolling. At most, Plaintiff identifies several cases noting that the EEOC filing requirement is not jurisdictional and equitable tolling *exists* but cites nothing regarding what standards courts should apply to determine whether a claim is tolled. ECF No. 21 at 3-4 (quoting *Zipes*, 455 U.S. at 386; *Coke v. Gen. Adjustment Bureau, Inc.*, 640 F.2d 584, 595 (5th Cir. 1981) (en banc); and *Yates v. Mobile Cnty. Pers. Bd.*, 658 F.2d 298, 299 (5th Cir. 1981) (per curiam)).

of one's rights does not mean an employee "was aware of the facts necessary to support a discrimination claim." 933 F. Supp. 1326, 1333 (S.D. Tex. 1996). The plaintiff in *Henderson* asserted a claim for sex and age discrimination based on a theory of failure to promote. *Id.* at 1331. But the plaintiff did not file her EEOC charge until 303 days after she learned she did not receive the promotion. *Id.* at 1332. The plaintiff argued for equitable estoppel because she did not meet her replacement until several days later. *Id.* at 1333 & n.6. The district court ultimately concluded that summary judgment was inappropriate on that briefing because the defendant "cite[d] no Fifth Circuit authority for its argument," and the plaintiff had adequately shown a question of fact on timeliness. *Id.* at 1336. But even assuming *Henderson* correctly stated the law for termination, Plaintiff does not argue he was unaware of any facts necessary for his Title VII claim.[5] Nor does Plaintiff attempt to explain how the 303-day delay in *Henderson* is at all comparable to the 716-day delay here.

Plaintiff also relies on a railroad employment case from the Northern District of Illinois for the position that courts have "equitably modified the limitations period for employees who brought actions before a Public Law Board." ECF No. 21 at 5 (citing *Brown v. Nat'l R.R. Passenger Corp.*, No. 86 C 10284, 1988 WL 76935, at

---

[5] In reply, Defendant attaches Plaintiff's deposition transcript, where he concedes that he had enough information to believe that Defendant's actions were discriminatory "a couple of months after" his termination. ECF No. 22-1 at 99:18-24. The Court need not consider this evidence, as Plaintiff never argued lack of sufficient knowledge as a basis for tolling. Moreover, as *Granger* notes, this basis of tolling usually requires some evidence that the employer misled the employee or concealed necessary facts. 636 F.3d at 712. There are no such allegations here.

*16 (N.D. Ill. July 15, 1988)). But a closer review of *Brown* reveals that any similarities end there. *Brown* also involved equitable tolling based on whether the plaintiff "did not know, and could not have been expected to know, that he had a cause of action." 1988 WL 76935, at *15. The theory of those claims was the defendant employer's alleged breach of an earlier settlement agreement. *Id.* at *2-4, 14. The Public Law Board apparently relied upon employment records indicating a previous "firing and subsequent 'leniency reinstatement'" in denying the plaintiff's wrongful termination claim. *Id.* at *3. The plaintiff thus alleged that the defendant's retention of those records breached the terms of an earlier settlement agreement, which was itself a retaliatory act under Title VII. *Id.* at *3-4. Because the plaintiff did not personally participate in the arbitration but was represented by his union, the district court found unresolved issues surrounding what the plaintiff knew and when. *Id.* at *2, 16. Nowhere did the district court indicate that the mere pendency of a grievance or arbitration before a Public Law Board would *by itself* provide grounds for equitable tolling. *Brown* is therefore inapposite.

In contrast, Defendant points out that courts have repeatedly found that filing a grievance does not toll the Title VII statute of limitations. ECF No. 20 at 5-6; ECF No. 22 at 3-4; *e.g., Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) ("[T]he pendency of a grievance does not suspend the 180-day limitation for filing a charge."). The Fifth Circuit has held that "the pendency of a grievance or

9

other review process that may take place after the employee is informed of the adverse employment decision" is not a basis for equitable tolling. *Allen v. Cnty. of Galveston*, 352 Fed. App'x 937, 939 (5th Cir. 2009). Indeed, under very similar circumstances, courts in this district have previously found that despite the filing of "a complaint with the Public Law Board, the 300-day statute of limitations period was not tolled." *McNeill v. Atchison, Topeka & Santa Fe Ry. Co.*, 878 F. Supp. 986, 990 (S.D. Tex. 1995).[6] Accordingly, the Court remains unconvinced that equitable tolling is available under these circumstances, and Plaintiff has not met his burden.

    **C.    Plaintiff's Waiver and Estoppel Arguments Are Unpersuasive and Likely Waived Due to Inadequate Briefing.**

In the alternative, Plaintiff raises waiver and estoppel as grounds for relief from the statute of limitations. Plaintiff cites *Zipes* for the proposition that such equitable relief may be available to toll limitations for Title VII claims. ECF No. 21 at 6. However, Plaintiff cites no Fifth Circuit precedent or any authority setting forth the tests for waiver or estoppel. The sole paragraph raising these theories is less than a page. *Id.* Thus, to the extent Plaintiff may have been able to assert waiver or estoppel, such arguments are waived due to inadequate briefing. *See Willis v. Cleco Corp.*, 749 F.3d 314, 319 & n.5 (5th Cir. 2014).

---

[6] Although *McNeill* involved a claim under the Americans with Disabilities Act ("ADA"), the district court explained that the ADA "incorporates by reference the remedial provisions of Title VII," and thus applied the same statute of limitations applicable here. 878 F. Supp. at 989 (citing 42 U.S.C. §§ 2000e-5(e), 12117(b)).

Nonetheless, Defendant addresses these arguments in reply, so the Court will briefly review the merits. Plaintiff's theory, in essence, is that Defendant failed to raise statute of limitations in its answer, in its discovery responses, or in its EEOC position statement. *Id.* Again, Plaintiff cites no authority in support of these theories.

Despite Plaintiff's inadequate briefing, because statute of limitations is an affirmative defense that must be stated in the answer, failure to do so may result in waiver. *See* FED. R. CIV. P. 8(c)(1); *Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 308-09 (5th Cir. 2019). The Fifth Circuit has recognized a caveat, however, where affirmative defenses are not waived "if the issue is raised 'at a pragmatically sufficient time,' and if the plaintiff 'was not prejudiced in its ability to respond.'" *Smith*, 932 F.3d at 309 (quotation omitted). Courts have thus found an affirmative defense not waived where it was first raised in a motion for summary judgment. *Id.* (citing *Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000)).

Plaintiff does not argue that he was somehow prejudiced in his ability to respond, nor that Defendant did not raise the issue early enough. Indeed, this case is less than one year old, and the dispositive motions deadline has not yet passed. *See* ECF Nos. 1, 14. Moreover, Defendant's answer states that Plaintiff's Title VII claim is barred because he never filed "a timely and proper charge of discrimination" with the EEOC. ECF No. 7 at 1. Simply because Defendant did not use the magic words "statute of limitations" in its answer does not mandate waiver. *See Pasco ex rel.*

*Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009) (noting that Rule 8(c) does not require "a formalistic approach to determine whether an affirmative defense was waived"). Defendant properly raised timeliness in its answer and has not waived its affirmative defense on statute of limitations.[7] Regardless, Plaintiff bears the burden of showing why he should be able to bring suit beyond the limitations period. *See Granger*, 636 F.3d at 712. Plaintiff's cursory briefing fails to meet this burden.

## IV.   CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment, ECF No. 20, is **GRANTED**. Because Plaintiff fails to state any claims not barred by the statute of limitations, this case will be **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

---

[7] To the extent Plaintiff argues that failure to raise limitations before the EEOC or tendering vague responses to interrogatory questions results in waiver, ECF No. 21 at 6, Plaintiff cites no authority for either theory. In reply, Defendant notes several district court cases rejecting similar arguments. ECF No. 22 at 4 (citing *Stewart v. Knox Cnty.*, No. 3:18-CV-381, 2020 WL 13698869, at *1 (E.D. Tenn. Dec. 21, 2020)); *see also Cook v. Union Camp Corp.*, No. CIV. A.1:95CV140-S-D, 1996 WL 407549, at *3 (N.D. Miss. Apr. 4, 1996) ("Due to the nature of the proceedings before the EEOC and their limited effect in this court, failure to have raised the 180 day limitation issue before the EEOC does not waive the right to raise the issue as an affirmative defense when answering a subsequent complaint."). The Court is also unable to discern anything indicative of waiver from Defendant's allegedly defective interrogatory response. ECF No. 21-7. Furthermore, Plaintiff appears to fundamentally misunderstand how estoppel works in these circumstances. "An employer may be equitably estopped from asserting the limitations period as a defense when the employee's failure to comply with an EEOC deadline was a result of the employer's misconduct." *Rivers v. Geithner*, 548 Fed. App'x 1013, 1017 (5th Cir. 2013). Plaintiff has alleged no such misconduct or otherwise indicated that Defendant ever affirmatively misled him about EEOC filing deadlines. No possible basis for waiver or estoppel is apparent on this record.

Signed at Houston, Texas, on January 31, 2024.

_____

**Dena Hanovice Palermo**
**United States Magistrate Judge**